IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON,<br><br>               Respondent,<br><br>      v.<br><br>GASPAR ORTIZ-ORTIZ<br><br>               Appellant. | No. 77436-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: March 11, 2019 |

SMITH, J. — Gaspar Ortiz-Ortiz appeals his voyeurism conviction and a condition of community custody. Citing article I, section 7 of the Washington Constitution, he argues that the trial court erred by failing to suppress evidence collected pursuant to a second search warrant after the first warrant was found illegal. Because the State did not seek the second warrant based on the first illegal search, the independent source exception to the exclusionary rule applies and we affirm the conviction. However, we agree that the sentencing court exceeded its authority by ordering the challenged community custody condition and reverse and remand for the court to strike that condition.

FACTS

On August 13, 2016, J.M. went to a WinCo grocery store. Soon after entering, she noticed Ortiz-Ortiz staring at her. Unbeknownst to J.M., Ortiz-Ortiz followed her around the store, taking pictures of her with his cell phone. At one

point, he bent down close to J.M., placed his phone underneath her dress, and took a video of her upper thighs. Another shopper noticed and confronted Ortiz-Ortiz. WinCo employees stopped Ortiz-Ortiz from leaving the store and called the police.

While they waited, Ortiz-Ortiz kept putting his hand in his pocket, handling his phone. It appeared as though he was trying to delete pictures from his phone. The police arrived, interviewed witnesses, and arrested Ortiz-Ortiz. They seized his cell phone and impounded it into evidence.

On August 15, 2016, police obtained a warrant to search the cell phone for "[a]ny and all (including deleted) photos or videos related to this investigation of voyeurism." Officers seized 585 photos and video files, and Ortiz-Ortiz was charged with voyeurism. Ortiz-Ortiz moved to suppress the evidence collected from his cell phone. On June 5, 2017, the court granted the motion and suppressed the cell phone evidence, reasoning that the search warrant lacked sufficient particularity. On the same day, police obtained a warrant to search Ortiz-Ortiz's phone for "[p]hotos or videos related to this investigation of voyeurism at WinCo in Bellingham, Washington, taken of [J.M.] (17 year old female wearing a maroon striped dress) on August 13th, 2016." A search of the phone revealed 18 photos of J.M. stored in a folder, where data can remain after it is deleted. The defendant again moved to suppress the evidence collected in the second search. The trial court denied the motion.

A jury found Ortiz-Ortiz guilty of voyeurism. In sentencing, the court ordered that Ortiz-Ortiz "[c]omplete a mental health evaluation and comply with

2

any recommended treatment" as a community custody condition. Ortiz-Ortiz appeals the denial of his motion to suppress the second search and the mental health community custody condition.

## DISCUSSION

Ortiz-Ortiz argues that the trial court erred by declining to suppress the evidence obtained in the second search. He contends that the evidence should be suppressed because the independent source exception to the exclusionary rule does not apply in these circumstances.

We review de novo conclusions of law relating to the suppression of evidence. State v. Gaines, 154 Wn.2d 711, 716, 116 P.3d 993 (2005). The exclusionary rule generally requires that evidence obtained from an illegal search and seizure be suppressed. Gaines, 154 Wn.2d at 716-17. This includes the initially seized evidence and any fruit of the poisonous tree. Gaines, 154 Wn.2d at 716-17; Wong Sun v. United States, 371 U.S. 471, 484-85, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1963). "The independent source doctrine is a well-established exception to the exclusionary rule." State v. Betancourth, 190 Wn.2d 357, 364, 413 P.3d 566 (2018). "Under the independent source doctrine, evidence tainted by unlawful police action is not subject to exclusion 'provided that it ultimately is obtained pursuant to a valid warrant or other lawful means independent of the unlawful action.'" Betancourth, 190 Wn.2d at 364-65 (quoting Gaines, 154 Wn.2d at 718).

When applying the independent source doctrine, the determinative question is whether the challenged evidence was discovered through a source

independent from the initial illegality. Betancourth, 190 Wn.2d at 365 (citing Murray v. United States, 487 U.S. 533, 542, 108 S. Ct. 2529, 101 L. Ed. 2d 472 (1988)). "To determine whether challenged evidence truly has an independent source, courts ask whether illegally obtained information affected (1) the magistrate's decision to issue the warrant or (2) the decision of the state agents to seek the warrant." Betancourth, 190 Wn.2d at 365. If the illegal search did not contribute to the issuance of the warrant, "then the evidence is admissible through the lawful warrant under the independent source doctrine." Betancourth, 190 Wn.2d at 365.

Under Betancourth, the independent source doctrine applies here. 190 Wn.2d at 364. In Betancourth, a district court granted a search warrant, ordering an out-of-state cell phone carrier to provide records. The carrier provided the records. Later, the superior court ruled that it alone had jurisdiction to issue out-of-state warrants. So a detective requested and obtained a warrant from the superior court, using an affidavit that was essentially identical to that used for the district court warrant. The detective sent the new warrant to the cell phone carrier. Because it did not request any new information, the carrier did not produce any records. Betancourth, 190 Wn.2d at 362.

The Washington Supreme Court held that the independent source doctrine applied, and the cell phone records were admissible under the new, lawful warrant. It reasoned that the new warrant was "untainted by any prior illegality" because the "decision to issue the 2013 superior court warrant [was

not] affected by, or made in reliance on, information obtained from the illegal search." Betancourth, 190 Wn.2d at 370.

Here, the second warrant application to search Ortiz-Ortiz's phone did not contain any information regarding the results of the first invalid search. It merely added details regarding the crime: "Photos or videos related to this investigation of voyeurism at WinCo in Bellingham, Washington, taken of [J.M.] (17 year old female wearing a maroon striped dress) on August 13th, 2016." The police learned these details from their initial investigation, not from the illegal search of the cell phone. When officers arrived at the WinCo on August 13, 2016, a witness reported seeing Ortiz-Ortiz take a video up J.M.'s skirt. And the initial police report reflected that J.M. was wearing a maroon striped dress. The independent source doctrine applies because officers did not gain any information from the phone records supplied in response to the illegal warrant that led them to seek the second warrant. Nor was the trial court's decision to issue the second warrant affected by, or made in reliance on, information from the illegal search.

Ortiz-Ortiz argues that the second warrant is not a truly independent source because it would not have been sought but for the invalid first warrant. State v. Mayfield, No. 95632-4, slip. op. at (Wash. Feb. 7, 2019), http://www.courts.wa.gov/opinions/pdf/956324.pdf, expressly rejected this argument. Mayfield, discussing Betancourth, reasons that

> [a]rguably, the original defective warrant was a distant "but for"
> cause of discovering the evidence because the State did not seek
> the second warrant until it discovered the defect in the first one.
> However the evidence itself was untainted because the second,

valid warrant was a truly independent source. "[T]he illegal search [pursuant to the defective warrant] in no way contributed to the issuance of the [valid] warrant and police would have sought the warrant even absent the initial illegality." Therefore, the State derived no benefit from the defective first warrant, and the evidence was admissible.

Mayfield, slip. op. at 22 (most alterations in original) (citations omitted) (quoting Betancourth, 190 Wn.2d at 365). Under Mayfield and Betancourth, the independent source doctrine applies even though the State would not have sought the second warrant but for the first warrant's initial illegality.

The trial court did not err by admitting the evidence collected pursuant to the second lawful search of Ortiz-Ortiz's phone.

Conditions of Community Custody

Ortiz-Ortiz argues that the trial court exceeded its authority by ordering mental health evaluation and treatment as a condition of community custody. The State concedes that this condition of community custody must be stricken because the sentencing court did not find that Ortiz-Ortiz suffered from mental illness. A sentencing court may not order mental health evaluation or treatment unless it makes specific findings that the defendant meets the statutory definition of a "mentally ill person" and that the mental health condition influenced the offense. RCW 71.24.025; State v. Brooks, 142 Wn. App. 842, 851, 176 P.3d 549 (2008). The sentencing court made no such findings, so we accept the State's concession.

We affirm in part, reverse in part, and remand to the superior court to strike the challenged community custody condition.

WE CONCUR: